**SULAIMAN LAW GROUP, LTD.**
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREW D. WILSON,<br><br>Plaintiff,<br><br>v.<br><br>SCHERWIN & ASSOCIATES, LLC,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

NOW comes ANDREW D. WILSON ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of SCHERWIN & ASSOCIATES, LLC ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq*. and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.,* for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of California and a substantial portion the events or omissions giving rise to the claims occurred within the Eastern District of California.

**PARTIES**

4. Plaintiff is a consumer and a natural person over-the-age of 18 residing in Placer County, California, which lies within the Eastern District of California.

5. Defendant is a third-party debt collector and a limited liability company organized under the laws of the State of Delaware. Defendant's principal place of business is located at 9431 Haven Avenue, Suite 100, Rancho Cucamonga, California 91730. Defendant regularly collects from consumers in the State of California.

6. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action stems from Defendant's attempts to collect upon a defaulted credit card debt ("subject debt") that Plaintiff allegedly owed to Capital One Bank, N.A. ("Capital One").

8. Upon information and belief, the subject debt is at least 15 years old and the statute of limitations has passed.

9. Around April 2021, Defendant began its collection campaign by contacting Plaintiff's family members and disclosing to them that Plaintiff purportedly owes the subject debt.

10. Concerned over Defendant's conduct, Plaintiff contacted Defendant to inquire about the subject debt.

11. Upon speaking with Plaintiff, Defendant threatened to pursue a lawsuit against Plaintiff if he failed to make a payment.

12. Furthermore, Defendant also threatened to add attorney's fees to the subject debt if Plaintiff failed to make a payment on the subject debt.

13. Moreover, Defendant indicated that the statute of limitations did not have any legal effect on the subject debt and failed to disclose to Plaintiff of the consequences of making a payment towards the subject debt.

14. Consequently, Plaintiff was taken aback by Defendant's debt collection tactics.

15. Frustrated and concerned over Defendant's conduct, Plaintiff spent time conferring with counsel regarding Defendant's collection efforts, resulting in lost time and resources.

16. Plaintiff has been unfairly and unnecessarily harassed by Defendant's action.

17. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation, and emotional distress.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff repeats and realleges paragraphs 1 through 17 as though full set forth herein.

19. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

20. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts owed to others, and further as it is a business whose principal purpose is the collection of debts.

21. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

22. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA §1692b**

23. The FDCPA, pursuant to 15 U.S.C. §1692b(2), prohibits "[a]ny debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall not state that such consumer owes any debt [.]"

24. Defendant violated 15 U.S.C. §1692b(2) on the multiple instances it contacted Plaintiff's family members and disclosed to them that Plaintiff allegedly owes a debt.

25. Additionally, under §1692b(3), a debt collector is prohibited from "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer [and] shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information."

26. Defendant violated 15 U.S.C. §1692b(3) when it contacted Plaintiff's family members on more than one occasion, despite the fact that Plaintiff's family members were not responsible for the subject debt. Defendant employed these tactics in order to exert outward pressure upon Plaintiff.

    a. **Violations of FDCPA § 1692e**

27. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

28. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A);
>
> The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5); and
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

29. Defendant violated §§ 1692e, e(2)(A), e(5), and e(10) when it employed deceptive means to collect or attempt to collect upon the subject debt. It was deceptive for Defendant to assert that it could sue Plaintiff to collect the subject debt and add attorney's fees to the subject debt even though the statute of limitations had passed. Moreover, it was also deceptive for Defendant to claim that it could indefinitely sue Plaintiff for the subject debt. The misleading nature of Defendant's collection campaign is highlighted by Defendant failing to warn Plaintiff of the potential consequences of making a payment towards the subject debt. Defendant's actions only served to worry and confuse Plaintiff.

    **b. Violations of FDCPA § 1692f**

30. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

31. Defendant violated § 1692f when it unfairly represented that the statute of limitations did not apply to the subject debt. This false representation was designed to cause undue pressure on Plaintiff to make a payment.

32. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, ANDREW D. WILSON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

33. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff is a "person[s]" as defined by Cal. Civ. Code § 1788.2(g).

35. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

36. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

　　**a. Violations of RFDCPA § 1788.10 – 1788.17**

37. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

38. As outlined above, through their unlawful attempts to collect upon the subject debt, Defendant violated 1788.17; and §§1692e and f. Defendant engaged in a harassing, deceptive and unconscionable campaign to collect from Plaintiff the subject debt by the harassing and misleading conduct outlined above.

39. Defendant willfully and knowingly violated the RFDCPA through its egregious collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, ANDREW D. WILSON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further from seeking payment of the subject debt; and

f. Award any other relief as the Honorable Court deems just and proper.

Dated: May 17, 2021                              Respectfully submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
California Bar No. 332132
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com