UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW D. WILSON, | Case No. 2:21-cv-00897-TLN-JDP (PS) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S AMENDED MOTION FOR DEFAULT JUDGMENT BE GRANTED |
| v. | |
| SCHERWIN & ASSOCIATES, LLC, | ECF No. 11 |
| Defendant. | OBJECTIONS DUE WITHIN 14 DAYS |

Plaintiff Andrew D. Wilson seeks damages for illegal debt collection activities under the Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collection Practices Act against defendant Scherwin & Associates, LLC. Defendant has neither answered the complaint nor otherwise appeared. On August 20, 2021, plaintiff filed a motion for default judgment. ECF No. 7. The court held a hearing on the motion on September 16, 2021, and defendant did not appear. After the hearing, on October 14, 2021, plaintiff filed the instant amended motion for default judgment in the amount of $6,240.00. ECF No. 11. Because defendant was properly served, and because relevant discretionary factors favor of default judgment, I recommend that plaintiff's motion be granted.

**Discussion**

Federal Rule of Civil Procedure 55(b)(2) allows a court to enter judgment against a defaulting party. While the decision to do so is "discretionary," *Aldabe v. Aldabe*, 616 F.2d 1089,

1092 (9th Cir. 1980), it is guided by several factors.  The court must first assess the adequacy of service on the party against whom the default judgment would be entered.  *See Cranick v. Niagara Credit Recovery, Inc.*, No. 1:13-CV-671-LJO-GSA, 2014 WL 325321, at *1 (E.D. Cal. Jan. 28, 2014); *see also Omni Capital Int'l., Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("[B]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").  If service was sufficient, the court may then consider a number of factors, including possible prejudice to the plaintiff; the merits of plaintiff's claim; the sufficiency of the complaint; the sum of money at stake; the possibility of a factual dispute; whether the default was potentially due to excusable neglect; and the general policy that cases be decided on the merits.  *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  In addition, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

Here, service on defendant was appropriate, and the clerk of court properly entered a default on June 21, 2021.  ECF No. 6.  Federal Rule of Civil Procedure 4(e) allows service to occur by "following state law for serving a summons . . . in the state where the district court is located or where service is made," or by "delivering a copy of [the summon and complaint] to an agent authorized by appointment or by law to receive service of process."  Here, plaintiff delivered a copy of the summons and complaint to defendant's authorized agent through a process server.  ECF No. 4.  The court thus finds that defendant was properly served.

Additionally, because defendant is a Delaware corporation, I examine whether the court has specific personal jurisdiction, which is evaluated in FDCPA claims under the "purposeful direction" framework.  *Deveroux v. TT Mktg.*, No. 1:18-CV-487-AWI-SAB, 2018 U.S. Dist. LEXIS 139244, at *17 n.2 (E.D. Cal. Aug. 16, 2018).  Specific jurisdiction exists when (1) the non-resident purposefully directs his activities or consummates a transaction with a resident of the forum; (2) the claim is one that arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable.  *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 741-42 (9th Cir. 2013), aff'd sub nom. *Oneok, Inc. v. Learjet, Inc.*, 575 U.S.

373 (2015).  In cases like this one, in which a debt collector's conduct that forms the basis of plaintiff's claims is directed to the forum state by sending mail or making calls to plaintiff in that state, courts have consistently found specific personal jurisdiction.  *See, e.g.*, *Frazier v. Am. Credit Resolution, Inc.*, No. 18-cv-07729-TSH, 2019 U.S. Dist. LEXIS 181879, at *10 (N.D. Cal. Oct. 21, 2019); *Taub v. Parker Jewish Inst. for Health Care & Rehab.*, No. 18-cv-07491-RS, 2019 U.S. Dist. LEXIS 121912, at *14 (N.D. Cal. July 19, 2019); *Garcia v. Hillcrest, Davidson & Assocs. LLC*, No. CV-16-00265-TUC-BPV, 2017 U.S. Dist. LEXIS 113232, at *9 (D. Ariz. July 18, 2017); *Freligh v. ROC Asset Sols., LLC*, No. 16-cv-00653-MEJ, 2016 U.S. Dist. LEXIS 89660, at *7 (N.D. Cal. June 8, 2016).  Specific personal jurisdiction is appropriate in this case as well.

The *Eitel* factors also favor default judgment.  Generally, a plaintiff has no means other than a default judgment to recover against a defaulting defendant and would be prejudiced if judgment were not entered.  *See Moroccanoil, Inc. v. Allstate Beauty Prods.*, 847 F. Supp. 2d 1197, 1200-01 (C.D. Cal. 2012).  Plaintiff's complaint also states a claim that—accepting the allegations therein as true—appears meritorious.  The claim is straightforward: Plaintiff alleges that defendant is attempting to collect a debt that is at least 15 years old.  In approximately April 2021, defendant began calling plaintiff's family members and disclosing to them that plaintiff owes the debt.  Defendant placed calls to plaintiff's cell phone and left at least one voicemail warning that there was a "civil complaint" against plaintiff.  When plaintiff spoke to defendant, he was told the statute of limitation would not have any effect on the debt and was threatened with adding attorney's fees to the debt if it was not paid promptly.  Defendant also sent plaintiff a proposed settlement agreement in another attempt to extract payment and plaintiff's credit card information.

The FDCPA prohibits any debt collector from communicating with any person other than the consumer about the existence of debt or for the purpose of locating the consumer.  15 U.S.C. § 1692(b).  Additionally, it prohibits the use of false, deceptive, or misleading representations or unfair means in connection with collecting a debt.  15 U.S.C. §§ 1692(e)-(f).  The state statute provides for recovery when the FDCPA is violated.  Cal. Civ. Code § 1788.17.  The amount

1  requested in judgment—$6,240.00—appears to reflect the sum of damages, costs, and attorney's
2  fees.  ECF No. 10 at 2.  Finally, given that Scherwin & Associates was properly served, there is
3  no evidence that the company's failure to appear is due to excusable neglect.  *Cf. Shanghai*
4  *Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

*Eitel* does make clear that "[c]ases should be decided upon their merits whenever reasonably possible."  782 F.2d at 1472.  But, standing alone, this policy is insufficient to deny default judgment against a defendant that has failed to appear and defend itself.  *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  With no appearance from the defendant, a decision on the merits is simply unworkable.

**Conclusion**

I recommend that plaintiff's motion for default judgment in the amount of $6,240.00 be granted.  ECF No. 11.  I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  The parties may, within 14 days of the service of the findings and recommendations, file written objections to the findings and recommendations with the court.  Such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   April 25, 2022                                                  
                                                 JEREMY D. PETERSON
                                                 UNITED STATES MAGISTRATE JUDGE